UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.M.A., | No.  1:26-cv-01856-KES-SKO (HC) |
| Petitioner, | |
| v. | ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER |
| KRISTI NOEM, Secretary of U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Field Office Director, U.S. Immigration and Customs Enforcement; and CHRISTOPHER CHESNUT, Warden, California City Detention Facility, | Doc. 2 |
| Respondents. | |

Petitioner M.M.A. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the motion for temporary restraining order and claim one of the petition.  *See, e.g.*, *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No.

1

1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 6. Two days after the deadline to respond to the order to show cause, respondents filed an untimely response to the Court's order and requested an unspecified amount of additional time to respond to the petition. Doc. 7. Given the nature of the relief sought by petitioner, the fact that she is a nursing mother with three children under the age of six, and the fact that there do not appear to be any distinctions between this case and the Court's prior decisions, the Court GRANTS petitioner's motion for a temporary restraining order.

Respondents are ORDERED to release petitioner M.M.A. immediately. Pending the court's further ruling, respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

The Court intends to consolidate a ruling on the petition for writ of habeas corpus with a ruling on the preliminary injunction. *See* Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."); *see also* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require."); *Dzhabrailov v. Decker*, No. 20-CV-3118 (PMH), 2020 WL 2731966, at *4 (S.D.N.Y. May 26, 2020) (considering preliminary injunction and merits of habeas petition simultaneously).

2

On or before March 20, 2026, respondents are ORDERED TO SHOW CAUSE as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Yon Kervis U. v. Chestnut, Guzman v. Andrews, Elmer Joel M. C. v. Wofford, Clene C.D. v. Robbins, W.V.S.M. v. Wofford, Bilal A. v. Wofford*, and *Marina V.N. v. Robbins* and justify denying the petition, or indicate the matter is not substantively distinguishable.

IT IS SO ORDERED.

Dated:   March 13, 2026

_____
UNITED STATES DISTRICT JUDGE